**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CHARLES SUMMERHILL, on behalf of**                        **PLAINTIFFS**
**himself and others similarly situated**

**v.**                  **CASE NO. 4:08-CV-00659 GTE**

**TERMINIX, INC., et al.**                                            **DEFENDANTS**

**ORDER**

Before the Court is a Motion to Remand filed by Plaintiff Charles Summerhill. The motion is opposed by Defendants Terminix, Inc., The Terminix International Company Limited Partnership, Terminix International, Inc., The Servicemaster Company, Servicemaster Consumer Services, Inc., and Servicemaster Consumer Services Limited Partnership (collectively, "Defendants"). Plaintiff contends that two exceptions to a statute creating federal jurisdiction over most class actions prevent this Court from exercising subject matter jurisdiction. After reviewing the motion papers and applicable law, the Court concludes that the exceptions to jurisdiction relied upon by Plaintiff do not apply. Plaintiff's motion must be denied.

**BACKGROUND**

On June 16, 2008, Plaintiff Charles Summerhill, on behalf of himself and a proposed class of Arkansas Terminix customers, filed suit in the Circuit Court of Lonoke County, Arkansas, alleging breach of contract and warranty obligations, failure to warn, negligence, and violation of the Arkansas Deceptive Trade Practices Act. The action is based on the manner in which Defendants provided, or failed to provide, contractual termite services to Arkansas customers. Plaintiffs seek compensatory damages, punitive damages, equitable relief, and injunctive relief.

On August 6, 2008, the Defendants filed a Petition for Removal thereby causing the case

to be removed to federal court. On September 4, 2008, Plaintiff file a Motion to Remand. While Plaintiff does not dispute that the case was properly removed, he contends that the Court is deprived of jurisdiction by two statutory jurisdictional exceptions.

## DISCUSSION

The Class Action Fairness Act of 2005 ("CAFA")[1] amended 28 U.S.C. § 1332 to give federal district courts original jurisdiction over class actions where minimal diversity exists and the matter in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). Federal courts must decline jurisdiction over an otherwise properly removed class action if either of the following exceptions applies: (1) the local controversy exception, 28 U.S.C. § 1332(d)(4)(A); or (2) the home state exception, 28 U.S.C. § 1332(d)(4)(B).[2]

Plaintiff does not dispute that this class action was removed properly, but contends that both statutory exceptions apply, thereby depriving this court of jurisdiction. Defendants contend that neither exception applies. An issue arises as to who bears the burden of proving that an exception applies. While the Eighth Circuit has not addressed the issue, other federal courts have concluded that the party moving to remand has the burden of showing that a statutory exception applies. *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, Inc., 485 F.3d 793, 801 (5th Cir. 2007); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679-80 (7th Cir. 2006); *Evans v. Walter Indust., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006); *McMorris v. TJX Companies, Inc.*, 493 F.Supp.2d 158 (D. Mass. 2007); Stephen J. Shapiro, *Applying the Jurisdictional Provisions of The Class Action Fairness Act of 2005: In Search for a Sensible Judicial Approach*, 59 Baylor

---

[1] Pub. L. No. 109-2, 119 Stat. 4 (2005).

[2] CAFA also allows a court discretion to refuse to exercise jurisdiction in some instances. See 26 U.S.C. § 1332(d)(3). Plaintiff does not contend that this provision applies.

L.Rev. 77, 98-99 (2007)(stating that the general rule that the party seeking federal jurisdiction has the burden of proof does not apply to a party seeking to apply the home state exception). The Court holds that the burden is on Plaintiff to prove that an exception applies justifying remand.

The Court will consider both exceptions separately.

### II.     "Local Controversy" Exception

The first exception, codified at § 1332(d)(4)(A), is commonly referred to as the "local controversy exception" and reads:

> (4) A district court shall decline to exercise jurisdiction under paragraph (2)
>   (A) (i) over a class action in which
>           (I)    greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>           (II)   at least 1 defendant is a defendant
>                   (aa) from whom significant relief is sought by members of the plaintiff class;
>                   (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>                   (cc) who is a citizen of the State in which the action was originally filed; and
>           (III)  principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>       (ii)   during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; . . .

The Senate Report on CAFA indicates that the local controversy exception was intended to be a narrow exception and directs federal courts to "bear in mind that the purpose of each of these criteria is to identify a truly local controversy – a controversy that uniquely affects a particular locality to the exclusion of all others." S. Rep. 109-14 at 39.

- 3 -

Defendants argue that Plaintiffs have failed to prove any of the four factors required to invoke this exception. Plaintiff has made no effort to controvert the substantial showing by Defendants that the local controversy exception is inapplicable in this case.[3] The Court concludes, for the reasons well stated in Defendants' brief, that this exception may not be applied. The Court will discuss briefly three of the factors that Plaintiff has failed to satisfy.

**A. Other class actions filed in the past 3 years**

Defendants point out that the filing of another class action "asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons" in the past three years precludes the application of the local-controversy exception. Defendants assert and have provided evidence that there have been several similar class actions filed against many of the same defendants presently before this Court. Attached to Defendants' brief as Exhibits A, B or C are three cases filed within the requisite period. The cases include an action filed on April 28, 2008, in the Northern District of California (Exhibit A); an action filed on March 28, 2007, with the American Arbitration Association in Pulaski County, Arkansas (Exhibit B); and an action filed on December 29, 2006, in Madison County, Illinois.

The cases identified by Defendants are fatal to the application of this exception.

**B.     Two-Thirds Citizenship Requirement**

Plaintiff makes the conclusory assertion that "all of the members of the proposed class are Arkansas citizens." (Brief, Doc. # 14, at p. 5). Defendant argues that Plaintiff's own class description, however, controverts this assumption. Plaintiff proposes a class to consist of: "all individuals, proprietorships, partnerships, corporations and other entities . . . that are citizens and

---

[3] In fact, Plaintiff's brief devotes only a page to demonstrating that both exceptions apply. Plaintiff basically parrots the statutory requirements and cites no legal authority other than the statute.

residents of the State of Arkansas that own any home, condominium, apartment complex, commercial building or other structure, and/or improvements to real property . . . located in the State of Arkansas who have purchased contracts and/or warranties from Defendants for termite control service or whose contracts with other providers have been purchased or assumed by Defendants, which contain provisions substantially similar to Plaintiff's." (Complaint, Doc. 2, at ¶ 51).

Defendant argues that the fact that a resident owns property here does not establish that the person is a citizen of Arkansas. Further, the proposed class is of indeterminate duration. Thus, Plaintiff's theory requires the Court to assume that persons who were Arkansas citizens at the time of contracting remained Arkansas citizens. Regardless, the Court agrees with the holding of another district court that "a mere assertion that the putative class is composed of citizens of a particular state is insufficient to satisfy the burden of proof required to invoke a CAFA exception." *Anthony v. Small Tube Manufacturing Corp.*, 535 F.Supp.2d 506, 515 (E.D. Pa. 2007)(citation omitted). In the absence of any proffer, affidavit or declaration by Plaintiff as to this issue, the Court concludes that Plaintiff has failed to meet his burden of proof.

**C.    Significant Relief Sought From Arkansas Citizen Whose Conduct Forms a Significant Basis for the Claims Asserted**

Plaintiff must show that at least one Defendant from whom significant relief is sought is an Arkansas citizen and that such Defendant's conduct forms a significant basis for the class claims asserted. 28 U.S.C. § 1332(d)(4)(A)(II). Terminix, Inc., is the only defendant which is a citizen of Arkansas. However, Terminix, Inc. sold all of its assets to Terminix International, a non-Arkansas resident, on January 4, 1999. Included in the sale were all of Terminix, Inc.'s "active and inactive pest-control customer contracts" in connection with the services Terminix, Inc., had provided in Arkansas with the exception of Hot Springs Village. *See* Exh. F, Asset

Purchase and Sale Agreement.

Defendants argue that more than nine years have passed since Terminix, Inc. provided termite treatment services in Arkansas, with the exception of Hot Springs Village. If so, most of the claims against Terminix, Inc., are likely time-barred. Defendants argue that Plaintiff has failed to demonstrate that the class can recover significant relief from Terminix, Inc., or that the conduct of Terminix, Inc. forms a significant basis for the relief being asserted. The Court agrees.

For all of these reasons, Plaintiff has failed to prove that the local controversy exception may be applied to deprive this Court of jurisdiction.

### III.    "Home-State Controversy Exception

The second exception, codified at § 1332(d)(4)(B), is commonly referred to as the "home-state controversy exception" and reads:

> (4) A district court shall decline to exercise jurisdiction under paragraph (2)
>
>    (A)(i) over a class action in which . . . .
>    (B)    two-thirds or more of the members of all proposed plaintiff
>           classes in the aggregate, and the primary defendants are
>           citizens of the State in which the action was originally filed.

The Court has already discussed Plaintiff's failure of proof with regard to the requirement that two-thirds of the class members be citizens of Arkansas. Additionally, Plaintiff offers no proof that any defendant other Terminix, Inc. is a citizen of Arkansas. The exception requires Plaintiff to prove that "all of the primary defendants are residents of the state." *Robinson v. Cheetah Transp.*, 2006 WL 322580 at * 3 (W.D. La. 2006). Plaintiff has made no effort to do so. This exception does not apply.

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand (Doc. # 13) be, and it is hereby, DENIED.

IT IS SO ORDERED this   30th    day of October, 2008.

　　　　　　　　　　　　　　　　　　　　  _/s/Garnett Thomas Eisele_____
　　　　　　　　　　　　　　　　　　　　   UNITED STATES DISTRICT JUDGE