**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CHARLES SUMMERHILL, on behalf of**                                        **PLAINTIFF**
**himself and others similarly situated**

**v.**                                        **CASE NO. 4:08-CV-00659 GTE**

**TERMINIX, INC., et al.**                                        **DEFENDANTS**

**ORDER OF DISMISSAL**

A second round of motions to dismiss filed by Defendants[1] is before the Court.[2]  The

motions seek the dismissal of Plaintiff Charles Summerhill's First Amended Complaint,[3] which

was filed at the direction of the Court in ruling on the first round of motions to dismiss.[4]  A

response[5] and replies[6] have been filed.  For the reasons stated below, the Court concludes that

Plaintiff Summerhill has failed to plead an adequate factual basis for application of the doctrine

of fraudulent concealment, which is necessary in order to save his stale claims.

Defendants' motions will therefore be granted and the First Amended Complaint

dismissed.

---

[1] Defendants include Terminix International Company Limited Partnership, Terminix International, Inc., The ServiceMaster Company, ServiceMaster Consumer Services, Inc., ServiceMaster Consumer Services Limited Partnership, and ServiceMaster Consumer Services, Inc.  For convenience, the Court refers to the Defendants collectively throughout this opinion as "Terminix."

[2] Docket entries # 51 and # 53.

[3] Docket entry # 43.

[4] *See* Court's Order filed February 9, 2009, docket entry # 38.

[5] Docket entry # 58.

[6] Docket entries # 64 and # 65.

## I.      Background

On June 16, 2008, Plaintiff Charles Summerhill, on behalf of himself and a proposed class of Arkansas Terminix customers, filed suit in the Circuit Court of Lonoke County, Arkansas, alleging breach of contract and warranty obligations, failure to warn, negligence, and violation of the Arkansas Deceptive Trade Practices Act ("ADTPA").  The action is based on the manner in which Defendants provided, or failed to provide, termite services to Summerhill and similarly situated Arkansas customers.  The requested remedies include compensatory damages, punitive damages, equitable relief, and injunctive relief.

On August 6, 2008, Defendants filed a Petition for Removal thereby causing the case to be removed to federal court.  Plaintiff filed a Motion to Remand, which the Court denied.[7]

Defendants challenged Plaintiff's Complaint by filing a Motion to Dismiss claiming that it failed to state a claim.[8]  On February 9, 2009, the Court ruled on the motion, finding deficiencies in Plaintiff's Complaint, but allowing him an opportunity to file an Amended Complaint.[9]  The Court incorporates its Order ruling on the adequacy of Plaintiff's first Complaint herein by reference and will refer to the Order from this point forward as the "February 9th Order."

On April 1, 2009, Plaintiff filed his First Amended Complaint (hereinafter "FAC").[10] Thereafter, Defendants filed motions to dismiss the FAC contending that it still fails to state a

---

[7]  Order, docket entry # 31.

[8]  Docket entry # 8.

[9]  Order, docket entry # 38.

[10]   Doc. No. 43.

claim upon which relief can be granted.[11]  Those motions are presently before the Court and the subject of this Order.

###   II.    Legal Standard

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief."[12]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[13]

Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading requirement when fraud is alleged.  When alleging fraud, "a party must state with particularity the circumstances constituting fraud."[14]  While Plaintiff does not allege a separate fraud claim, he alleges that the limitations period should be tolled based on the theory of fraudulent concealment.  This triggers the requirements of Rule 9(b).[15]  "[C]onclusory allegations that a

---

[11]  Doc. No. 51 and 53.

[12]  *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-55, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 1081 (2007)).

[13]  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-55, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 1081 (2007) (per curiam) (citations omitted).

[14]  Fed. R. Civ. P. 9(b).

[15]  *Great Plains Trust Co. v. Union Pac. R. Co.*, 492 F.3d 986 (8th Cir. 2007) (holding that federal procedural law "requires that allegations of fraud, including fraudulent concealment for tolling purposes" comply with the pleading requirements of Fed. R. Civ. P. 9(b)).

defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule."[16]

### III.   Overview of First Amended Complaint

Plaintiff alleges that the Arkansas Pest Control Law, Arkansas Code Ann. § 17-37-101 *et seq*., and regulations thereto required Terminix to execute written contracts for termite protection services and to apply termite prevention chemicals so as to erect a complete barrier around the property to be protected.   Plaintiff alleges that all termite protection services provided by Terminix were "deficiently performed" because Terminix failed to apply a "complete barrier" but instead applied a partial or "spot" treatment.   Plaintiff alleges that Cecil Rhodes, the person upon whom Terminix relied to assure compliance with Arkansas regulations, has previously testified that he was unaware of the "complete barrier" regulatory requirements.   Thus, Plaintiff contends, "the only logical conclusion is that all termite services were deficiently performed through the class period and to date."[17]

Plaintiff contends that the Defendants' conduct gives rise to the following legal claims: (1) breach of contract and warranty; (2) breach of duty to warn; (3) professional negligence; and (4) violation of the Arkansas Deceptive Trade Practices Act.

The proposed Class is defined as "all individuals, proprietorships, partnerships, corporations, and other entities (hereinafter 'persons and entities') that are citizens and residents of the State of Arkansas that own any home, condominium, apartment complex, commercial building, or other structure, and/or improvements to real property (hereinafter referred to a "structure") located in the State of Arkansas who have purchased renewable contracts and/or warranties from Defendants for termite control service or whose contracts with other providers

---

[16]   *Drobnak v. Anderson Corp*., 561 F.3d 778, 783 (2009).

[17]   FAC at ¶ 33- ¶ 37.

have been purchased or assumed by Defendants, which were issued prior to October 1986 (or such different date that may be disclosed in discovery as the date when mandatory arbitration clauses were included in form termite contracts) (herein "Pre-1987 Termite Contract").[18]

The Plaintiff and the proposed Class do not allege that their structures were damaged as a result of the Defendants' failure to erect a complete barrier. Neither Summerhill nor the Class seeks "individualized damages for repair of termite infestation damage to the structure."[19] Instead, monetary damages are sought in "an amount necessary to remedy the ineffective chemical barriers, or out-of-pocket money damages for those who paid for treatments Terminix was obligated to provide, an amount necessary to place the premises under an appropriate termite protection contract, disgorgement and restitution."[20]

## IV.    Discussion

The threshold issue in this case is whether Plaintiff Summerhill has adequately pled facts sufficient to allow a tolling of the applicable limitations period. He waited until June 16, 2008, to file this lawsuit asserting a variety of legal theories, all of which are premised on 2 written contracts, one signed in 1978 and the other in 1985. The contracts were renewed annually until the 1985 agreement ceased in or before early 1996.[21] Summerhill seeks damages for the entire period beginning in 1978 and continuing through early 1996. He specifically states in the FAC that he makes no claims arising out of or relating to contracts in effect after March 15, 1996, the

---

[18] FAC at ¶ 80.

[19] *Id.* at ¶ 91.

[20] *Id.*

[21] FAC at ¶ 50.

point in time at which time Terminix began providing termite protection services to Plaintiff under a new form contract.[22]

Either a five or three year limitations period applies to Plaintiff's claims.[23]  Applying the longer five year limitations period, the limitations period expired, unless it was tolled, between 7 and 25 years <u>before</u> the June 16, 2003, cut-off date for occurrences within the five year limitations period.  This is a case where it is plain from the face of the complaint that the action is time-barred unless Plaintiff can plead and prove a basis for tolling the limitations period.[24]

At this stage, Plaintiff has the burden to plead facts sufficient to establish a plausible claim that Terminix fraudulently concealed the cause of action such that Plaintiff could not bring suit in a timely action.  As explained below, the Court concludes that Plaintiff has failed to plead facts sufficient to a defense to the limitations period "that is plausible on its face" and that rises "above the speculative level."[25]

---

[22]  The Class claims are similarly stale and may even be older as they relate to contracts "issued prior to October 1986" (or the date on which mandatory arbitration clauses were inserted into the form contracts, if discovery reveals that it was later than October 1986).  FAC at ¶ 80.

[23]  Ark. Code Ann. § 16-56-111 (establishing five year limitations period for actions for to enforce written obligations, duties, or rights); Ark. Code Ann. § 16-65-105 (establishing three year limitations period for actions based on negligence); Ark. Code Ann. § 4-88-115 (establishing 5 year limitations period for violations of the Arkansas Deceptive Trade Practices Act).

[24]  Defendants have raised the issue in their motions.  Had they not done so, the Court would have raised it.  It is a general principle of federal civil procedure that courts can raise affirmative defenses *sua sponte* if it '"is so plain from the face of the complaint that the suit can be regarded as frivolous; and the district judge need not wait for an answer before dismissing the suit."'  *World Church of Creator v. Te-Ta-Ma Truth Foundation-Family of URI, Inc.*, 239 F.Supp.2d 846, 847 (C.D.Ill. 2003) *(citing Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002)).

[25]  *Twombly*, 127 S.Ct. at 1965, 1974.

The crux of Summerhill's complaint is that Terminix breached its contractual obligation to provide "the necessary service" to protect his residence from "subterranean termite damage."[26] While Plaintiff has asserted the allegation in a number of different ways in his First Amended Complaint, the gist of his theory is:

(1)     Arkansas law required that Terminix erect a "complete barrier" around the perimeter of the property to be erected;

(2)     This legal obligation was implied-in-law into every termite contract in effect from 1978 through early 1996; and

(3)     Terminix routinely applied only a "partial barrier" or "spot" treatment and such services were legally inadequate to provide the promised "necessary service."

Plaintiff contends that Terminix's failure to disclose the Pest Control Law's complete barrier requirement is "sufficient concealment to toll the statute of limitations under each of the theories sued upon."[27]  The Court disagrees.

Plaintiff argues that "conduct that conceals itself satisfies the requirement that there be more than 'mere ignorance' of the claim to toll the statute of limitations."[28]   Thus, Plaintiff reasons, "an uninformed Plaintiff is required only to allege something in addition to his ignorance that meets one of the two stated test."[29]  Plaintiff overstates the doctrine when he suggests that any concealing conduct will suffice.  "The statute is tolled only when the [plaintiff's' ignorance [of his rights] is produced by affirmative and fraudulent acts of

---

[26] *See* 1978 and 1985 contracts.  Exhibits 1 and 2 to First Amended Complaint.

[27] Amended Complaint at ¶ 39.

[28] Pl.'s brief, docket entry # 58,  at 10.

[29] *Id.*

concealment."[30]   Plaintiff has failed to plead any <u>facts</u> to show that Terminix committed any

affirmative and fraudulent acts of concealment.

Plaintiff has pled that Terminix's failure to comply with Arkansas's complete barrier

requirement was accidental.  Plaintiff alleges:

> Terminix relied upon Cecil Rhodes as the person during the class
> period to assure compliance with Arkansas regulations.  Mr. Rhodes
> proved [sic] sworn testimony in another recent Terminix case that he
> never implemented any procedure to require evaluation of the
> adequacy of initial service or that brought service up to current
> standards because **he was unaware of the regulatory requirement**.
> Exhibit 5 (Rhodes deposition Excerpts).[31]

Plaintiff's allegation that Terminix's person in charge of compliance with Arkansas legal

requirements was unaware of the "complete barrier" requirement is inconsistent with any

fraudulent act or concealment.  It is not plausible that Terminix fraudulently concealed the fact

that it was not following Arkansas law requiring a complete barrier treatment when its agent in

charge of compliance with such law was ignorant of the requirement.  The fact that Terminix's

agent was so uninformed may prove negligence or ignorance, but it will not permit a finding of

fraud.

Additionally, even assuming Terminix knew it was required to apply a "complete

barrier," the fact that it failed to advise Summerhill of this state law requirement and its lack of

compliance with it may not be found to be either a false representation or fraudulent concealment

of a material fact.  Summerhill could have investigated to determine what state law required or

which services were "necessary."  Instead, he elected to trust Terminix to provide the "necessary

---

[30] *First Pyramid Life Ins. Co. of America v. Stoltz*, 311 Ark. 313, 320, 843 S.W.2d 842, 845 (1992).

[31] First Amended Complaint at ¶ 37 (emphasis added).

services."  The determination of which services were "necessary" is a question of law, not a

question of fact.

> As a general rule, fraud cannot be predicated upon misrepresentations as to matters of law . . . Reasons given for this rule are that every one is presumed to know the law, both civil and criminal, and is bound to take notice of it, and hence has no right to rely on such representations or opinions, and will not be permitted to say that he was misled by them.[32]

Summerhill may have been actually ignorant of the legal requirements, but the law was not hidden

or concealed from him.  Had he inquired, he could have learned of the requirement.

Finally, the First Amended Complaint is also deficient in that it fails to include any facts

regarding when Summerhill became aware of Terminix's allegedly unlawful conduct.  Part of

Summerhill's burden is to show that he could not, with the exercise of reasonable diligence, have

discovered Terminix's alleged unlawful conduct earlier.  His conclusory allegation that "Plaintiff

and putative class members were unaware of Defendant's deception"[33] fails to satisfy the

particularity requirement of Rule 9(b).

In its February 9th Order, the Court held that "mere ignorance" on Summerhill's part

would not suffice to toll the limitations period.  Thus, before filing the FAC, Summerhill was on

notice that his statement that he had no expertise in termite protection and relied upon Terminix's

expertise to tell him everything he needed to know regarding such issues over the entire

contractual period would not suffice to adequately plead fraudulent concealment.  Summerhill's

FAC adds very little to his prior statements about his ignorance.  He argues that "Terminix's

protection services were performed in such a way that any action regarding the services was

---

[32] *Adkins v. Hoskins,* 176 Ark. 565, 575, 3 S.W.2d 322, 326 (1928) (citation omitted) (quoted with approval in *Pambianchi v. Howell*, 100 Ark. App., 265 S.W.3d 788 (2007).

[33] FAC at ¶ 73.

naturally hidden" from his view and therefore that the actions giving rise to the claims "conceal their own impropriety."[34]  That the nature of termite services is such that a homeowner can not easily see the extent of the treatment provided does not excuse Summerhill and the class from exercising their own due diligence.  "Concealment of facts, no matter how fraudulent or otherwise wrongful, has no effect on the running of a statue of limitations if the plaintiffs could have discovered the fraud or sufficient other facts on which to bring their lawsuit, through a reasonable effort on their part."[35]

Summerhill has failed to plead <u>any</u> facts to show when and how he discovered the alleged wrongdoing or to show that he exercised due diligence to discover the alleged fraud.  Fed. R. Civ. P. Rule 9(b) is not satisfied in the absence of the pleading of particular facts to support the legal requirement that he exercised reasonable diligence to discover the facts of his claim.  This is part of Plaintiff's burden in order to toll the limitations period based on fraudulent concealment.[36]  A complaint is deficient where it alleges no facts to support this legal requirement.

---

[34]  Plaintiff's brief, docket entry # 58, at 11.

[35]  *Varner v. Peterson Farms*, 371 F.3d 1011, 1017 (8th Cir. 2004) (applying Arkansas law) (omitting citation).  *See also Waldrup v. Hartford Life Ins. Co.*, 598 F.Supp.2d 1219 (N.D. Ala. 2008) (holding fraudulent concealment not adequately pled where complaint failed to allege what prevented plaintiff from discovering facts surrounding the fraud); *Pedraza v. United Guar. Corp.*, 114 F.Supp.2d 1347, 1357 (S.D. Ga. 2000) (allegation of fraudulent concealment inadequate where it lacked any "basis from which the Court could conclude that members of the class were ignorant of Defendant's unlawful conduct and, if they were, whether that ignorance was reasonable.").

[36]  *See* Arkansas Model Jury Instructions – Civil 211 (2008).

**V.        Conclusion**

For all the reasons stated above, the Court concludes that Plaintiff has failed to satisfy

Fed. R. Civ. P. 9(b)'s heightened pleading requirement for the theory of fraudulent concealment.

All claims asserted are therefore time-barred.

Accordingly,

IT IS HEREBY ORDERED THAT Defendants' Motions to Dismiss (docket entries # 51

and # 53) be, and they are hereby, GRANTED.  The Court directs that Plaintiff's First Amended

Complaint be, and it is hereby, DISMISSED.

IT IS SO ORDERED this  _20th__ day of October, 2009.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE